IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLIFTON D. TAYLOR,
*Plaintiff,*

vs.  Case No. 21-4016-EFM

TARGET DISTRIBUTION,
*Defendant.*

MEMORANDUM AND ORDER

Defendant Target Distribution has moved to dismiss various claims advanced by Plaintiff Clifton D. Taylor in his *pro se* complaint centering on the Americans with Disabilities Act ("ADA"), arguing that Plaintiff has failed to timely or effectively serve notice. It also argues that Plaintiff's various other, non-ADA claims are subject to dismissal for lack of exhaustion of administrative remedies, or for being vague and conclusory. For the reasons identified herein, the Court grants Plaintiff a limited extension to obtain proper service of process, grants Defendant's alternative motion for a more definite statement as to Plaintiff's disability-related claims, and dismisses Plaintiff's unexhausted or purely conclusory nondisability claims.

**I.    Factual and Procedural Background**

On September 18, 2020, Plaintiff filed a Charge with the Kansas Human Rights Commission (KHRC) and the Equal Employment Opportunity Office (EEOC) alleging

Defendant violated his rights under the ADA as well as the Kansas Act Against Discrimination ("KAAD") based on Plaintiff's alleged disability. Defendant responded on October 21, 2020.

On February 17, 2021, Plaintiff asked to withdraw his Complaint with the KHRC and EEOC, after the EEOC had issued a Notice of Right to Sue on February 9, 2021.

Plaintiff filed this action on March 1, 2021. The narrative attached to the form complaint primarily focuses on the Defendant's alleged failure to accommodate his disability, although it also mentions in passing a wide variety of other claims.

Plaintiff also filed a Motion to Proceed without Prepayment of Fees and a Motion to Obtain Discovery. The Magistrate Judge denied both motions, finding Plaintiff's affidavit of financial status provided confusing and incomplete information. She also denied the request for discovery as premature. Her order "generally directs Taylor to the Federal Rules of Civil Procedure 26(d), which governs timing and sequence of delivery," and held that he should file a new *in forma pauperis* application, or pay the filing fee, by March 22, 2021.

On March 29, 2021, the Magistrate Judge ordered Plaintiff to show cause by April 12 why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with the court's order. Plaintiff paid the filing fee on April 2, 2021, and on April 5th, the Magistrate Judge ordered him to proceed expeditiously to obtain service on the defendant pursuant to Fed. R. Civ. P. 4(m). This Rule requires a plaintiff to serve the defendant within 90 days after the filing of the complaint. Here, the rule required service by May 30, 2021.

Plaintiff attempted service on July 10, 2021, by sending a summons to Defendant. The summons was not addressed to any specific person or Target representative. The summons arrived in the Target mailroom of the Topeka Distribution Center on July 13, 2021 where it

remained for some period of time. The postal service did not request a signature from any Target representative.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[7]

Because Plaintiff proceeds *pro se*, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.[8] But the court does not assume the role of advocate for a *pro se* litigant.[9] Also, "*pro se* parties [must] follow the same rules of procedure that govern other litigants."[10]

### III.   Analysis

Defendant argues that the Court should dismiss the action under Fed. R. Civ. P. 4(m) because Plaintiff did not timely attempt service of process, and did not comply with Kanas law for the correct manner of service. Rule 4(m) requires a plaintiff to complete service of process within 90 days of filing a complaint.[11] Plaintiff here attempted service of process on July 13, 2021, or 134 days after the complaint.

The Tenth Circuit has set forth a two-step test in evaluating the failure to effect timely service under Fed. R. Civ. P. 4(m).[12] The first inquiry is "whether the plaintiff has shown good cause for the failure to timely effect service."[13] If so, the party is entitled to a mandatory extension of time. But even if a plaintiff fails to demonstrate good cause, the district court may

---

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id*.

[10] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation and internal quotation marks omitted).

[11] The 2015 Amendments to the Federal Rules shortened the time period from 120 days. *Dartez v. Peters*, 759 F. App'x 684, 687 n. 2 (10th Cir. 2018)

[12] *Espinoa v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[13] *Id*.

exercise its discretion in either allowing a permissive extension of time for service or dismissing the case without prejudice.[14]

The Tenth Circuit has interpreted "good cause" narrowly, and inadvertence or ignorance of the rules is insufficient.[15] Further, a *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[16] Here, Plaintiff's response to the motion to dismiss fails to show any justification for the delay in even attempting to obtain service on Defendant. The Plaintiff is not entitled to a mandatory extension of the time for service.

In deciding whether to extend the time for service of process on a permissive basis, the court may take into account a broad variety of factors, including "[a plaintiff]'s *pro se* status, the possibility of prejudice to the defendants, and the potential that the statute of limitations has run on the claims."[17] A party's *pro se* status is a relevant but not a controlling factor.[18] Whether to extend the time for service is committed to the discretion of the court.[19]

Plaintiff argues that the July service should be deemed sufficient, given his *pro se* status and, he claims, the Magistrate Judge's directive to serve process in the manner he did. This claim is not correct. In her April 15, 2021 order, the Magistrate Judge observed that in light of

---

[14] *Id.*

[15] *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004).

[16] *Blackmon v. U.S.D. 259 School Dist.*, 769 F. Supp. 2d 1267, 1275 n. 41 (D. Kan. 2011) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

[17] *Sullivan v. Univ. of Kan. Hosp. Au*th., 844 F. App'x 43, 53 (10th Cir. 2021); *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273-74 (D. Kan. 2004) (citing *Espinoza*, 52 F.3d at 842 (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993))); *see also Searles v. Werholtz*, 2010 WL 4861123, at *3 (D. Kan. 2010) (citations omitted).

[18] *See Sanchez v. City of Albuquerque*, 2014 WL 1953499, at *8 (D.N.M. 2014).

[19] *Espinoza*, 52 F.3d at 840.

Plaintiff's submission of a filing fee, she would not recommend dismissal of the action. Beyond this, she expressly stated that "Taylor shall proceed expeditiously to serve the defendant," citing Rule 4(m) provision requiring dismissal in the absence of timely service. As noted above, the Magistrate Judge could not, and here did not, give advice to the *pro se* plaintiff as to *how* to properly serve the Defendant.

The Defendant also correctly notes that the method of service employed by Plaintiff was contrary to Kansas law. The methods for serving a corporation under Kansas law are outlined in K.S.A. 60-303 and 60-304, and include serving an officer or manager, leaving a copy at a business office with the person in charge, or serving an agent authorized to receive process.[20] The Court may deem service sufficient where the plaintiff has substantially complied with the requirements for proper service.

Substantial compliance is arises if the court can find that "notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party."[21] Substantial compliance "must emanate from the serving party's actions," and the service must "meet those essential conditions that were necessary to assure that the defendant would be made aware that an action or proceeding was pending in a specified court in which his property was subject to being

---

[20] *See* K.S.A. 60-304(e). Fed. R. Civ. P. 4(h) provides that a corporation may be served in a manner prescribed by Rule 4(e)(1), which in turn provides for service in accordance with the law of the forum state. Fed. R. Civ. P. 4(h)(1)(B) allows a plaintiff to serve a domestic or foreign corporation by serving "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

[21] K.S.A. § 60-204. *See also Wanjiku v. Johnson Cty.*, 173 F. Supp. 3d 1217, 1229 (D. Kan. 2016) ("Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute.") (internal quotation marks and citations omitted).

affected."[22]  Thus, a defendant's independent acquisition of actual knowledge of the suit is not determinative.

The circumstances of the case foreclose a finding that Plaintiff substantially complied with the statute by mailing service to "Target" generally.  "[A] certified letter to the corporation but not to any individual does not meet the requirements of the statute for valid service of process."[23]  As a result, a party does not substantially comply with K.S.A. § 60-304 by sending service by mail in the name of a corporate defendant only, rather than a named officer or agent.[24]

But even though Plaintiff's attempted service was not substantial compliance, the attempt remains relevant to the Court's decision to decide whether to allow a permissive extension of time. Thus, in *Jackson v. Spirit Aerosystems*,[25] the court recently found that while the plaintiff had employed a "deficient method [of] service on a corporation" under K.S.A. 60-304, the flawed attempt itself was relevant to weighing the question of whether to permit an enlargement of the time for service under Rule 4(m).  As in *Jackson*, Defendant here has failed to point to any specific prejudice from a brief additional extension of the time for service, and in the absence of extension Plaintiff's ADA claim would likely be time-barred.  Moreover, the plaintiff in *Jackson* obtained relief even though he was represented by counsel.  Given "the Court's preference for

---

[22] *Fisher v. DeCarvalho*, 298 Kan. 482, 314 P.3d 214, 220 (2013) ("The defendant's fortuitous acquisition of that awareness does not affect our calculus.").

[23] *Porter v. Wells Fargo Bank*, 45 Kan. App. 2d 931, 257 P.3d 788, 792 (Kan. Ct. App. 2011) (citing cases).

[24] *See Remmers v. Bhd. of Maint. of Way Emp. Div.*, 2012 WL 2449887, at *2 (D. Kan. 2012). *See also Taylor ex rel. Gibbens v. Medicalodges, Inc*., 236 P.3d 573 (table), 2010 WL 3324408 (Kan. Ct. App. Aug. 20, 2010) (mailroom clerk who received service packet was not authorized by the statute to accept service of process on behalf of defendant under the statute.)

[25] 2022 WL 43344, at *4 (D. Kan. 2022).

deciding cases on the merits rather than on technicalities," a limited extension of time is an appropriate form of relief.[26]

The Court grants the motion to dismiss to the extent that Plaintiff seeks relief for reasons other than disability-based discrimination or retaliation. Although the rambling narrative attached to the Complaint mentions in passing a litany of claims including breach of contract, a violation of Plaintiff's "due process rights" related to "the 14th and 8th amendments," and the Equal Pay Act,[27] the narrative itself is completely devoid of any factual allegation which would support such claims. Rather, the narrative addresses only Defendant's alleged failure to accommodate his physical impairment, or to retaliate against him based on that impairment. The Complaint makes no hint of any facts which would justify relief under these provisions of law. Plaintiff makes no suggestion that he was paid less than female workers, or that Target Corporation is a public entity which owes him due process. His reference to a contract appears limited to the claim that he was not allowed the light duty his disability required. As noted above, the 4-page type-written narrative attached to the Complaint form focuses exclusively on an ankle lesion which, Plaintiff alleges, should have caused Defendant to only assign him light duty.

Plaintiff's response to the motion to dismiss makes no attempt to supply the missing information. To the contrary, the response remains focused exclusively on the alleged physical impairment, with Plaintiff complaining of "[T]arget[']s failure to pay me due to my disability."

---

[26] *See Donahue v. Probasco & Assoc.*, 2020 WL 6384200, at *10 (D. Kan. 2020) (plaintiff "indisputably attempted service" which, while flawed, warranted extension under Rule 4(m)) (internal quotation and citation omitted).

[27] 29 U.S.C. § 206(d),

While Plaintiff does check the box on the form indicating he is claiming a violation of Title VII,[28] the narrative also makes no factual assertions which would support such a claim. Defendant argues that the claim should be dismissed for lack of exhaustion of administrative remedies. The Plaintiff has made no showing that any Title VII race-related claims were presented in the charges to the EEOC or KHRC. The only discrimination referenced in those charges was the alleged disability discrimination. Accordingly, to the extent Plaintiff now seeks to recover under Title VII, the Court finds these claims barred for his failure to exhaust administrative remedies.[29]

The Court denies Defendant's motion to the extent that it seeks dismissal of Plaintiff's disability claims. Plaintiff's summary of the facts underlying these claims is indeed, as Defendant claims, vague and confusing. However, "a *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[30] Amendment may be denied where the attempt will be futile.[31] The Court cannot say at this time that Plaintiff could not supply the missing elements of the discrimination claim.[32]

The Court dismisses Plaintiff's Complaint to the extent it seeks recovery beyond the disability-related claims under the ADA and KAAD. The Court denies the Defendant's motion

---

[28] 42 U.S.C. § 2000e.

[29] *Echols v. Today's Staffing*, 35 F. App'x 776, 777 (10th Cir. 2002).

[30] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[31] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[32] *See Collier v. AT&T, Inc.*, 2017 WL 4284868, at *5 n. 39 (D. Kan. 2017) (citation omitted) (*pro se* plaintiff raising ADA clam failed to plausibly allege she was "otherwise qualified" for the position or that she requested a specific accommodation, but denying motion to dismiss where the court "cannot say that amendment would be futile.").

to dismiss Plaintiff's disability claims, but grants Defendant's motion for a more definite statement such that Plaintiff shall within 30 days of this Order supply additional facts about his disaiblity-releated failure to accommodate and retaliation claims. Further, Plaintiff shall properly serve process pursuant to K.S.A. 60-304 within 30 days of this Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement (Doc. 16) is hereby granted in part and denied in part, as provided herein.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2022.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE