IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLIFTON D. TAYLOR,
*Plaintiff,*

vs.

Case No. 21-4016

TARGET DISTRIBUTION,
*Defendant.*

**MEMORANDUM AND ORDER**

On February 14, 2022, the Court granted in part and denied in part the Motion to Dismiss of Defendant Target Distribution. (Doc. 30). The Court dismissed the various claims of Plaintiff Clifton Taylor which were not grounded in the Americans with Disabilities Act (ADA) or the Kansas Act Against Discrimination (KAAD). The Court denied dismissal of Plaintiff's disability-related claims under the ADA and KAAD, but agreed with Defendant that the Complaint's statement of facts underlying those claims was vague and confusing. The Court also found that Plaintiff's attempted service on Defendant was not in substantial compliance with Kansas law, even though he had been expressly directed by the Magistrate Judge to "proceed expeditiously" to serve Defendant.

Accordingly, the Court granted Defendant's motion for a more definite statement, and required Plaintiff to supply, within 30 days of the Order, additional facts to support his disability-related claims of failure to accommodate and retaliation. The Court also directed Plaintiff to

properly serve Defendant within the same time period. That period has elapsed without response by Plaintiff.

Federal Rule of Civil Procedure 41(b) authorizes the Court to involuntarily dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"  This Rule "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[1]  "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."[2]

Plaintiff has failed to submit a more definite statement of his disability claims, has still failed to properly serve Defendant, and has offered no rationale for further delay.  Given the repeated failure of the Plaintiff to comply with procedural rules and directives from the Court, dismissal is the appropriate sanction.

**IT IS THEREFORE ORDERED** that the remaining claims of the Plaintiff are hereby **DISMISSED** pursuant to Fed. R. Civ. Pr. 41(b).

**IT IS SO ORDERED**.

Dated this 18th day of March, 2022.

This closes the action.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).  See also Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009).

[2] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).